UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA J. HARMAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 1:14-cv-221
Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 21) and the parties' subsequently filed stipulated motion for attorney fees (docket no. 22).

    **I.**    **Discussion**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. After plaintiff filed the initial brief, the parties filed a "Joint stipulation to reverse with remand the [sic] Commissioner's final decision and to enter judgment" (docket no. 18). The Court entered an order adopting the stipulation and a judgment which reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Order (docket no. 19); Judgment (docket no. 20). After plaintiff filed an application for an award of attorney fees and costs under the EAJA, the parties entered into a joint stipulation to award plaintiff EAJA fees in the amount of $6,186.02. *See* Joint Stipulation (docket no. 22).

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award.  First, plaintiff is the prevailing party.  *Marshall*, 444 F.3d at 840.  Second, by not opposing the application, the government has failed to demonstrate that its action was substantially justified. *Id.*  Third, no special circumstances exist in this case to make an award unjust.  *Id.*

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011).   Thus, the statutory rate for EAJA fees has remained the same for nearly two decades since the last increase.  It has become commonplace for prevailing plaintiffs in Social

Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 138% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 66% higher than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits

attorneys in Michigan is $231.00, an amount which is 85% higher than the EAJA statutory rate. *Id*. at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 44% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in nearly two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals. While this fee is considerably more than the EAJA's statutory rate, it is still less than the fee charged by the majority of attorneys in Kent County, as well as the majority of attorneys practicing public benefits law statewide. Accordingly, the Court is justified in allowing fees up to that amount.

The parties' stipulation seeks to award plaintiff attorney fees in the amount of $6,186.02. This is based upon work done by three different attorneys and two law clerks. *See* Timesheet (docket no. 21-3). The attorneys seek compensation for 31.16 hours at an hourly rate of $184.50, and the law clerks seek compensation for 4.37 hours at an hourly rate of $100.00.[1] *Id.* In support of her claim, plaintiff submitted what appears to be the resumes of two attorneys (Meredith Marcus and Kelie C. Schneider), two law clerks (David Solomonik and Pauline Lacson), and an unsigned statement of professional qualifications from Attorney Frederick J. Daley, Jr. *See* Resumes (docket no. 21-6).

---

[1] The Court notes that while plaintiff seeks compensation for 31.16 hours of attorney time, the timesheet reflects that her attorneys worked 32.36 hours. *See* Timesheet.

This case involved fairly typical, straightforward issues. Plaintiff's counsel filed only an initial brief, with no response brief, reply brief or supplemental briefing. In the Court's experience, counsel seeking EAJA fees related to *fully* briefed Social Security Appeals spend in the range of 15 to 30 hours working on these appeals. *See, e.g.*, *Mueller v. Commissioner of Social Security*, 1:09-cv-695, 2011 WL 2650651 (W.D. Mich. April 11, 2011) (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11, 2011) (32.75 hours); *Karadsheh v. Commissioner of Social Security*, 1:08-cv-988, 2010 WL 4259644 (W.D. Mich. Sept. 17, 2010) (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours). In this case, it appears to the Court that plaintiff's counsel's time spent on this matter exceeded that range.

In evaluating attorney fees under a fee shifting statute,

> [i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989) (attorney's fees under 42 U.S.C. § 1988).

Notably, plaintiff's attorney of record, Ms. Marcus, worked only 12 minutes on this matter, reviewing documents prepared by others. *See* Timesheet. Similarly, Attorney Daley spent 1.2 hours editing the initial brief. *Id.* Their time spent reviewing work performed and billed by others, should be stricken. The bulk of the work was performed by Ms. Schneider, an attorney from

Pittsburgh, Pennsylvania, who spent 30.96 hours preparing the initial brief. *Id.*[2] Attorney Schneider's time spent drafting the initial brief (30.96 hours) appears excessive given the generic issue involved (i.e., "[w]hether the decision of the Administrative Law Judge ('ALJ') that Plaintiff is not entitled to receive Supplemental Security Income ('SSI') is supported by substantial evidence"), the administrative record and the length of the brief (18 pages). As discussed, there was no response brief, no reply brief and no oral argument. For these reasons, the Court should reduce the number of requested attorney hours from 30.96 to 25.00. This reduction reflects that plaintiff has not borne her burden of demonstrating the reasonableness of the claimed attorney time. *See, e.g., Communities for Equity v. Michigan High School Athletic Association*, No. 1:98-cv-479, 2008 WL 906031 at *4 (W.D. Mich. March 31, 2008) ("the propriety of simple across-the-board reductions by a certain percentage has been recognized by the Sixth Circuit as an appropriate mechanism for penalizing duplication and other billing problems") (citing *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir.1986)). In addition, the timesheet reflects that one of the "law clerks", sometimes referred to as a paralegal, David Solomonik, drafted the complaint (1.0 hour) and the application for EAJA fees (1.0 hour). This time should be allowed, but the balance of the law clerk time spent (2.37 hours) involves office work and should be stricken. Furthermore, the Court concludes that plaintiff is not entitled to collect EAJA fees for this work. While plaintiff seeks $100.00 per hour for work performed by the "law clerks," their resumes do not reflect any legal training. The Court should not

---

[2] There is no evidence that Ms. Schneider is admitted to practice in this district. However, because Ms. Schneider's involvement in this action was limited to brief writing, the Court should allow plaintiff to collect an attorney fee for work performed by her on this matter. *See Priestly v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) ("we have little difficulty in concluding that the EAJA authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not").

grant EAJA fees for work performed by a lawyer's employee, simply because the lawyer refers to the employee as a "law clerk" or "paralegal." In summary, plaintiff should receive an attorney fee in the amount of $4,375.00 (25.00 hours x $175.00).

## II.    RECOMMENDATION

I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 16) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$4,375.00**.

Dated:  August 20, 2015              /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).