UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA J. HARMAN,

        Plaintiff,   Case No.  1:14-CV-221

v.   Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER ADOPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION**

Plaintiff has filed Objections to Magistrate Judge Ray Kent's August 20, 2015 Report and Recommendation (R & R) recommending that the Court grant Plaintiff's application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in part by reducing Plaintiff's requested fee of $6,186.02 to $4,375.00.  (R & R at 7.)  The magistrate judge found that $175.00 per hour is an appropriate reasonable hourly rate for the attorney time spent on this matter, but concluded that some of the requested hours were unreasonable or were not for work compensable under the EAJA.  In particular, the magistrate judge determined that 1.4 hours that attorneys Marcus and Daley spent reviewing and editing the brief prepared by attorney Schneider were redundant and unnecessary.  (*Id.* at 5.)  In addition, the magistrate judge determined that the 30.96 hours that attorney Schneider spent preparing the initial brief were excessive and that 25 hours would be reasonable under the circumstances.  (*Id.* at 6.)  Finally, the magistrate judge determined that only 2 of the 3.52 hours that law clerk David Solomonik incurred involved legal tasks, but that Plaintiff is not entitled to fees for any of the law clerks' hours because their resumes do not reflect any legal

training. (*Id.*)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Plaintiff does not dispute the reasonableness of $175.00 per hour for attorney time and objects only to some of the magistrate judge's conclusions regarding the reasonableness of the hours spent on the matter. First, regarding the .2 hours that attorney Marcus spent reviewing the complaint that her clerk prepared and Defendant's proposed remand order, Plaintiff notes that the complaint was filed in attorney Marcus's name and it was therefore reasonable for her to review the complaint prior to filing. The Court concludes that it was reasonable for attorney Marcus to spend .1 hour reviewing the complaint before it was filed. The Court also concludes that the .1 hour attorney Marcus spent reviewing Defendant's proposed remand order was reasonable.

Second, as to the 1.2 hours that attorney Daley spent reviewing and editing the brief, Plaintiff argues that attorney Daly added content to the brief, which was not duplicative, and because attorney Marcus was on maternity leave at the time the opening brief was filed, she allowed it to be filed in her absence so long as attorney Daly first reviewed it. Given that attorney Daly added some substance to the brief and reviewed it in attorney Marcus's stead, the Court concludes that this time was reasonable. This Court has its work checked at least twice and finds it reasonable that counsel also be careful as to what they file.

Third, Plaintiff argues that the magistrate judge erred in concluding that the 30.96 hours that attorney Schneider spent on the initial brief was excessive. Plaintiff argues that in determining that this number of hours was unreasonable, the magistrate judge failed to consider the following: (1) that

the administrative record in this case was over 800 pages; (2) that Plaintiff's counsel did not represent Plaintiff at the administrative level; and (3) that the brief was over 18 pages long and raised three issues pertaining to credibility, residual functional capacity error, and opinion evidence error. Plaintiff contends that because counsel lacked familiarity with the case, substantial time was required to review the administrative record, identify the pertinent issues, and prepare the brief. Given these circumstances, the Court does not consider 30.91 hours spent on preparing Plaintiff's opening brief to be unreasonable. *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013) (citing *Glass v. Sec'y of HHS*, 882 F.2d 19, 20 (6th Cir. 1987), and *Hayes v. Sec'y of HHS*, 923 F.2d 418, 420 (6th Cir. 1990), and noting that the Sixth Circuit previously noted that attorneys generally spend in the range of 20-30 hours on social security appeals, with 40 hours being at the high end of an average range). However, the Court will exclude .05 hours that attorney Schneider billed for reviewing the final order on September 30, 2014, as attorney Marcus had already reviewed that document.

Finally, Plaintiff contends that the magistrate judge erred in recommending that the Court disallow law clerk David Solomonik's time because his resume fails to indicate that he has any legal training. Plaintiff asserts that this conclusion ignores that Mr. Solomonik has a bachelor's degree and received legal training through his employment with the Daley firm. Plaintiff concedes that the entries for Mr. Solomonik's work on 2/18, 3/20, 4/4, 9/30, 10/1, and 11/24 could be considered administrative work that may not be awarded as legal fees, but she argues that the balance of his time should be awarded. The Court agrees with Plaintiff that Mr. Solomonik's legal experience gained though his employment with the Daley firm is sufficient to provide a basis to award time for Mr. Solomonik's legal, as opposed to administrative, work. However, based on its review of Mr. Solomonik's time entries, the Court concludes that the compensable time for legal work is limited to 1.0 hour spent drafting the complaint (3/6/14) and 1.4 hours spent on drafting the EAJA

application (11/24/14 and 12/29/14). Accordingly, Mr. Solomonik's hours will be reduced from 3.52 to 2.4.[1]

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge Kent's August 20, 2015 Report and Recommendation (dkt. # 24) is **ADOPTED IN PART AND REJECTED IN PART**.  Defendant shall pay Plaintiff attorney's fees in the amount of $5,894.25 (32.31 hours of attorney time at $175.00 per hour plus 2.4 hours of law clerk time at $100.00 per hour).

Dated:  November 25, 2015                             /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE

---

[1] The Court will not award the .85 hour that law clerk Lacson performed.  Plaintiff makes no argument with regard to her legal training, and, more importantly, having reviewed the time entries pertaining to the work she performed, the Court concludes that such work was non-compensable administrative work.